UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| URBANRIDE, Inc., <br><br> Plaintiff, <br><br> v. <br><br> URBAN WORLDWIDE INC., <br><br> Defendants. | Civil Action No. 1:23-cv-6999 <br><br> **COMPLAINT** |

Plaintiff, UrbanRide, Inc., by and through its attorneys, alleges as follows:

## NATURE OF ACTION

1. This is an action for violation of Sections 32 and 43 (a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125; for violations of the common law of the State of New York arising from unfair competition and trademark and service mark infringement; and for violation of Section 360-1 of the New York General Business Law.

## THE PARTIES

2. Plaintiff, URBANRIDE, INC. is a Delaware corporation organized and existing under the laws of Delaware.

3. Plaintiff is a foreign company registered with the state of New York and legally authorized to do business in the state of New York.

4. Plaintiff conducts business in the state of New York on a regular and ongoing basis and maintains a virtual business address at 1632 1st Avenue, 21249, New York, NY 10128. ("Plaintiff").

5. Upon information and belief, Defendant, URBAN WORLDWIDE, is a corporation organized under the laws of California with a principal place of business listed as 1162 San Mateo Ave., South San Francisco, CA 94080.

6. Upon information and belief, Defendants, URBAN WORLDWIDE COACHES, URBAN WORLDWIDE LA, URBAN WORLDWIDE LAC are affiliated with, operated by, owned or held by, URBAN WORLDWIDE and each lists a principal place of business listed as 1162 San Mateo Ave., South San Francisco, CA 94080. (Collectively with URBAN WORLDWIDE, "Defendants").

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over Plaintiff's federal claims and the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. §1121. In addition, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Furthermore, upon information and belief, this Court also has diversity jurisdiction over this civil action, as diversity of citizenship exists amongst the parties and the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00).

8. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants have transacted business, regularly do business, and supply services in the State of New York and in this District and should reasonably expect their acts to have legal consequences within the State of New York and this District. Additionally, as alleged herein this civil action arises out of Defendants' marketing, offering, and sale of Infringing Services in the State of New York and in this District.

9. Venue is proper in this district under 28 U.S.C. §§ 1391 because a substantial part of the ongoing events giving rise to the claims occurred in this judicial district and Defendants are subject to personal jurisdiction within this judicial district.

## BACKGROUND FACTS

10. Plaintiff is the exclusive owner throughout the United States of the federally registered URBANRIDE mark and of U.S. common law rights in its URBANRIDE mark with first use at least as early as July 11, 2000 (collectively, the "URBANRIDE Mark"). Attached and incorporated herein by reference as Exhibit A is a true and accurate copy of Plaintiff's U.S. Certificate of Registration.

11. U.S. Registration No. 4,021, 371 for the URBANRIDE Mark is valid and enforceable and is used in association with "*coordinating travel arrangements for individuals and groups, limousine services*, in class 39 ("Plaintiff's Services"). Plaintiff's URBANRIDE mark has obtained incontestable status due to its long and continuous use.

12. URBANRIDE, via a network of affiliated subcontractors, provides chauffeured transportation services for meeting & events, corporate travel, airline crews and transient travelers. URBANRIDE offers these services throughout the United States and in hundreds of cities around the world.

13. Defendants use the confusingly similar mark URBAN WORLDWIDE in association with services that are identical to Plaintiff's services, namely, transportation services, limousine services, and travel agency services (the "Infringing Services"). Defendants also use the confusingly similar truncated version of the mark URBAN in marketing and sales of its services such as license plates on vehicles within its fleet and featured in advertising.

14. In addition, Defendants have used the infringing marks URBAN WORLDWIDE and URBAN, and URBAN-formative trademarks in association with services closely related to Plaintiff's services.

15. Upon information and belief, Defendants are offering identical and closely related services in association with an URBAN-formative trademark through multiple legal entities registered under the laws of California.

16. Plaintiff's URBANRIDE mark has become a trusted source of travel for consumers and has accrued significant goodwill and consumer recognition. As a result of Defendant's willful and infringing conduct, consumers are currently being harmed by industry confusion as to the identity of the parties and some have been left without transportation resulting in harm to consumers and Plaintiff's goodwill.

17. Defendants' use of the infringing mark URBAN WORLDWIDE is causing confusion among consumers and within the trade industry. Examples of actual confusion among consumers and industry suppliers and dispatchers of limousine and transportation services throughout the nation are attached and incorporated herein as Exhibit B. Additional reports of consumer confusion have been documented and reported in additional emails received by Plaintiff URBANRIDE.

18. Plaintiff works with over 55 suppliers in the state of New York and offers ongoing transportation services in Manhattan and all other boroughs of New York City including but not limited to airport transportation services. Services provided by Plaintiff have resulted in significant revenue within the state of New York in association with its limousine services and transportation services.

19. Defendants' use of the infringing mark URBAN WORLDWIDE has resulted in confusion among New York suppliers and consumers and is likely to cause continued confusion. A screenshot of URBAN WORLDWIDE's offering of limousine and transportation services to consumers for transportation from JFK to Manhattan is attached and incorporated herein as Exhibit C.

20. On June 27, 2022, Plaintiff sent a cease and desist letter to David Uziel at URBAN WORLDWIDE, Inc., demanding that Defendants cease their use of the infringing mark URBAN WORLDWIDE.

21. Defendants are well aware of the URBANRIDE mark and Plaintiff's exclusive nationwide rights in the URBANRIDE Mark.

22. Despite being on notice of Plaintiff's rights and despite Plaintiff's good faith efforts to resolve this matter without initiating federal litigation, Defendants have continued to make commercial use of the infringing URBAN WORLDWIDE and URBAN-formative marks

23. Upon information and belief, Defendants have actively been offering Infringing Services that includes an active expansion focused on the east coast and further engagement in New York City specifically. Attached hereto and incorporated by reference is Exhibit D, an industry article discussing URBAN WORLDWIDE, and its efforts to expand the brand on the East Coast and the NYC region.

24. Upon information and belief, Defendants infringing conduct is knowing, willful, and trades off the goodwill, reputation, and exclusive rights that Plaintiff has established in the URBANRIDE Mark.

**FIRST CAUSE OF ACTION**
**(Registered Trademark and Service Mark Infringement)**

25. Plaintiff repeats and incorporates by reference each of the averments contained in paragraphs 1 through 24 of this complaint with the same force and effect.

26. Plaintiff owns all rights, title and interest in the URBANRIDE Mark, which it has used continuously in U.S. commerce since at least as early as November 11, 2000.

27. Plaintiff has never authorized Defendants to market and/or offer services or goods bearing the URBANRIDE Mark or confusingly similar marks.

28. Upon information and belief, Defendants' on-going acts have been done willfully and intentionally with full knowledge of Plaintiff's prior rights in the URBANRIDE Mark. Defendants have marketed and offered services bearing confusingly similar marks to the URBANRIDE Mark with the intent to cause confusion and mistake, to deceive and mislead the purchasing public, and to unlawfully misappropriate Plaintiff's valuable rights in the URBANRIDE Mark.

29. Defendants' unauthorized use in commerce of URBAN WORLDWIDE, URBAN, or URBAN-formative mark infringes Plaintiff's rights in the URBANRIDE mark and violates 15 U.S.C. § 1114 because it renders Defendants' services confusingly similar to Plaintiff's URBANRIDE Mark and creates the erroneous impression in consumers' minds that Defendants' services are approved, sponsored, endorsed, developed, or are licensed by, or are in some way affiliated with Plaintiff and the URBANRIDE Mark.

30. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damages as a result of the wrongful acts of Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) to be determined at trial.

31. All of Defendants' aforementioned acts are "exceptional" and Plaintiff is entitled to treble damages and attorney's fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### (False Designation of Origin)

32. Plaintiff repeats and incorporates herein by reference each of the averments contained in paragraphs 1 through 31 of this complaint with the same force and effect.

33. Defendants' promotion, distribution, offering for sale, and sale of the Infringing Services, together with Defendants' marketing and use of other indicia to associate Defendants with Plaintiff is intended to confuse consumers, the public, and the trade, as to the true origin, source, sponsorship, or affiliation of the Infringing Services, and is likely to cause such parties to believe in error that the Infringing Services have been sponsored, endorsed, or are licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff.

34. Plaintiff has been and is likely to continue to be damaged by false descriptions or representations which confuse consumers as to the true source, sponsorship, or affiliation of the services at issue.

35. All of Defendants' conduct constitutes a false designation of origin, false and misleading descriptions and representations of fact, and unfair competition, all in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damages as a result of the wrongful acts of Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) to be determined at trial.

## THIRD CAUSE OF ACTION
### (Unfair Competition)

37. Plaintiff repeats and incorporates herein by reference each one of the averments contained in paragraphs 1 through 36 of this complaint with the same force and effect.

38. As a result of Defendants' offering of Infringing Services, consumers are likely to purchase the Infringing Services with the erroneous belief that they are authorized by and/or somehow affiliated with Plaintiff and/or Plaintiff's URBANRIDE Mark.

39. Upon information and belief, Defendants have intentionally misappropriated the URBANRIDE Mark with the goal of causing confusion, mistake, and deception amongst consumers as to the source of the Infringing Services.

40. Defendants' actions constitute unfair competition and will continue to have a detrimental effect on the general consuming public in violation of the common law of the State of New York.

41. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damages as a result of the wrongful acts of Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) to be determined at trial.

42. All of Defendants' aforementioned acts are "exceptional" and entitle Plaintiff to treble damages and attorney's fees under 15 U.S.C. § 1117.

### FOURTH CAUSE OF ACTION
### (Injury to Business Reputation and Dilution)

43. Plaintiff repeats and incorporates herein by reference each of the averments contained in paragraphs 1 through 42 of this complaint with the same force and effect.

44. The practices and acts of Defendants set forth above, are likely to dilute the distinctive quality of Plaintiff's URBANRIDE Mark in violation of Section 360-1 of the New York General Business Law.

45. These acts of Defendants are without the permission, license or consent of Plaintiff and, unless enjoined by this Court, Defendants will continue these practices and acts,

thereby harming Plaintiff's business reputation and causing Plaintiff immediate and irreparable injury.

46. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damages as a result of the wrongful acts of Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Common Law Trademark and Service Mark Infringement)

46. Plaintiff repeats and incorporates herein by reference each of the averments contained in paragraphs 1 through 46 of this complaint with the same force and effect.

47. Defendants' acts constitute trademark and service mark infringement under New York common law.

48. Plaintiff is without adequate remedy at law, as Defendants' acts have caused Plaintiff irreparable harm to its business reputation and goodwill in the business community.

49. The marketing, distribution and sale of the Infringing Services by Defendants are without any permission, license, or other authorization from Plaintiff. The unauthorized Infringing Services are being marketed, distributed, and sold in interstate commerce.

50. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of Defendants' actions in an amount to be determined at trial.

51. Upon information and belief, Defendants have obtained gains, profits, and advantages as a result of their wrongful acts in an amount in excess of seventy-five thousand dollars ($75,000.00) to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in its favor against Defendants and each of them as follows:

  A. An injunction permanently enjoining and restraining Defendants, their agents, servants, employees, successors, assigns, subsidiaries, related companies, parent companies, licensees and all persons in active concert of participation with them:

    1. From marketing, offering, selling or distributing services bearing the mark URBANRIDE or any confusingly similar variation(s) thereof;

    2. From passing off or otherwise representing to consumers or the public that any service marketed, sold and/or distributed by Defendants originates from or is related in source or sponsorship to Plaintiff.

    3. From injuring Plaintiff's business reputation by diluting the distinctive quality of Plaintiff's Services; and

    4. From engaging in deceptive trade practices or acts in the conduct of Defendants' business by means of offering services in association with the URBANRIDE Mark;

  B. Directing Defendants to remove all references to any URBANRIDE Mark and/or any confusingly similar variation(s) thereof contained in any advertising and/or marketing materials published by Defendants, including any and all social media posts.

  C. Directing the internet service provider hosting Defendants' website to disable such website until such time as Defendants have removed all references to the Infringing Services from its website and all social media accounts;

  D. Directing Defendants to account to Plaintiff for all profits resulting from Defendants' Infringing Services;

  E. Awarding Plaintiff its damages from Defendant's unlawful and wrongful acts;

  F. Awarding Plaintiff three (3) times the amount of Plaintiff's damages or

Defendants' profits, whichever is greater;

      G.    Awarding Plaintiff the cost and expenses incurred in connection with this action, as well as its reasonable attorneys' fees;

      H.    Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Date: August 9, 2023                          Respectfully Submitted,

                                                /s/kathryngkent____
                                                Kathryn G. Kent
                                                Gerben Perrott, PLLC
                                                1050 Connecticut Ave NW, Suite 500
                                                Washington, DC 20036
                                                VT #4455
                                                kkent@gerbenlawfirm.com
                                                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Complaint to be served via electronic mail to Defendants' attorney listed below, on this 9th day of August 2023.

Stuart D. Sender,
ssender@windelsmarx.com
Windels Marx Lane & Mittendorf, LLP
One Giralda Farms, Madison, NJ 07940

                                                    __s/kathryngkent/_____
                                                      Kathryn G. Kent